tion" thereof so as to prevent the later prosecution of such claim by a minor dependent of the decedent. Of the voluntary dismissal of the widow's claim the court said: "There was no appropriation of the claim and subsequent voluntary dismissal without more does in no sense constitute an appropriation under either the general law or under the Workmen's Compensation Law. The dismissal was without prejudice, and there was no determination of any rights or issues." 389 S.W.2d at 223. *See also Neal v. Krey Packing Co.,* 459 S.W.2d 527, 529 (Mo.App.1970).

■ Appellants point out that *Hugelman* antedated the enactment of § 287.655, RSMo 1978. That section, however, deals with an involuntary order of dismissal for failure to prosecute, and has no application to the present case.

The preliminary writ was correctly quashed. Judgment affirmed.

All concur.

Eugene Andereck of Stockard, Andereck, Hauck, Sharp & Evans, Jefferson City, for appellant.

John S. Pletz of Bartlett, Venters, Pletz & Toppins, Jefferson City, for respondent.

Before LOWENSTEIN, P.J., and MANFORD and GAITAN, JJ.

PER CURIAM:

ORDER

This is an appeal from a judgment awarding respondent money damages on its breach of contract claim.

Judgment affirmed. Rule 84.16(b).

OSAGE OUTDOOR ADVERTISING INC., Respondent,

v.

WINDSOR PROPERTIES, INC., et al., Appellant.

No. WD 37786.

Missouri Court of Appeals, Western District.

Sept. 9, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 4, 1986.

Application to Transfer Denied Dec. 16, 1986.

STATE of Missouri, Respondent,

v.

Leonard GASAWAY, Appellant.

No. WD 37348.

Missouri Court of Appeals, Western District.

Sept. 16, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 4, 1986.

Application to Transfer Denied Dec. 16, 1986.